IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JACQUELIN GOARD, <br><br> *Plaintiff,* <br><br> v. <br><br> CROWN AUTO, INC., D/B/A AUTO VILLA, MIDNIGHT EXPRESS AUTO RECOVERY, INC., JONATHAN HOWARD, JOSEPH MCKINLEY, AND JOHN DOES 1-3 <br><br> *Defendants.* | CIVIL NO. 6:15-CV-00035 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendants Jonathan Howard, Joseph McKinley, Edward Cook and Ryan Ball's motion to dismiss Plaintiff's complaint. Dkt. 27 & 55. Plaintiff's lawsuit alleges that Jonathan Howard, Joseph McKinley, Edward Cook, and Ryan Ball, who are police officers for the Lynchburg Police Department, assisted, encouraged, facilitated, and caused the unlawful repossession of Plaintiff's vehicle in violation of 42 U.S.C. § 1983. Defendants assert that qualified immunity shields them from liability for these actions. Because Plaintiff alleges a violation of her clearly established constitutional rights, I will deny Defendants' motion.

I. Factual Allegations

On January 31, 2015, Goard went to Auto Vila[1] to purchase a Honda Accord. Compl. ¶ 20. On or about June 17, 2015, Goard's mother visited Goard at her apartment. Compl. ¶ 40. As her mother arrived, Matthew Snyder, an employee of Midnight Express, pulled a tow truck

---

[1] Auto Villa and Crown Auto are presumably the same company. Although, it is irrelevant for this opinion.

1

behind her vehicle in order to block her exit. Compl. ¶ 41. After unsuccessfully repossessing the vehicle due to Goard's objection, several police vehicles and five police officers, including Jonathan Howard, Joseph McKinley, Edward Cook, and Ryan Ball, arrived at the scene. Compl. ¶¶ 47, 48, 49, 55. The officers reviewed the documents of the repossession company and declared that Goard should turn over her Honda Accord. Compl. ¶¶ 54, 56. However, Goard continued to object to the repossession. In the face of these continued objections, Goard contends that she was told by officers, including Cook, Howard, Ball, and McKinley, that if she did not turn over the vehicle to Snyder, she would be arrested or go to jail. Compl. ¶¶ 55, 56, 57. As a result of these threats, Goard claims that she relinquished possession of her vehicle to Midnight Express. Compl. ¶ 59.

## II.     Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim: "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at

555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.,* 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

### III. Discussion

#### a. Goard has stated a claim upon which relief can be granted under 42 U.S.C. § 1983.

Under 42 U.S.C. § 1983, "two—and only two—allegations are required in order to state a cause of action under the statute. First, the plaintiff must allege that some person has deprived him [or her] of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toldeo*, 446 U.S. 635, 640 (1980).

The second requirement applies with simplicity to the facts of this case and so I will start there. When an on-duty police officer actively participates in a creditor's repossession, as clearly alleged in Goard's complaint, "the officers are participating in the removal of the debtor's property while cloaked in the mantle of their authority as agents of the state." *Wallace v. Chrysler Credit Corp.*, 743 F. Supp. 1228, 1234 (W.D. Va. 1990); *see also Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 935 n.18 (1982); *Abbott v. Latshaw*, 164 F.3d 141, 146 (3rd Cir. 1998). Therefore, Goard's complaint satisfies the second requirement set forth in *Gomez*.

As for the first requirement, Goard's complaint also provides sufficient factual details to "state[] a plausible claim for relief" of a violated constitutional right. *Ashcroft v. Iqbal,* 556 U.S.

662, 679 (2009). Goard alleges that Cook, Ball, Howard, and McKinley deprived her of federal rights protected by the Fourth and Fourteenth Amendments to the United States Constitution. More specifically, the Supreme Court of the United States has ruled that the Fourth and Fourteenth Amendments protect against "meaningful interference with an individual's possessory interest in that property." *Soldal v. Cook Cnty. Ill.,* 506 U.S. 56, 61 (1992) (internal quotation marks and citation omitted); *See also Fuentes v. Shevin*, 407 U.S. 67, 87 (1972). Furthermore, the Third Circuit has held that "it is . . . well established that possessory interests in property invoke procedural due process protections" and these "procedures [must] guarantee protection[s] against erroneous or arbitrary seizures." *Abbott v. Latshaw*, 164 F.3d 141, 146 (3rd Cir. 1998) (*citing Fuentes v. Shevin*, 407 U.S. 67, 87 (1972) and *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 605–06 (1974)). Specifically, the *Abbott* Court held that were officers are involved in the repossession of property and then threatened to arrest the property owner if they do not relinquish possession a deprivation of a Constitutional right has been sufficiently alleged. *Id.* at 147.

In addition to *Abbott*, the District Court of Maryland has decided a case with similar factual circumstances to the case at hand at the equivalent procedural stage. *Morozov v. Howard Cnty Md.,* No. MJG-10-1515, 2012 WL 2048296 (D. Md. June 5, 2012). In *Moronzov*, the vehicle owner objected to the repossession of the vehicle. *Id.* at *1. Due to this objection, the repossession company called the police. *Id.* Upon arriving to the scene, the police threatened to arrest the vehicle owner. *Id.* Ultimately, the owner gave over the keys to the vehicle. *Id.* Because the "possessory interest in a vehicle is sufficient to invoke the protection of the Fourth and Fourteenth Amendments," the court held that plaintiff's claim survived a motion to dismiss. *Id.* at *3–4. Similarly, in this case, Goard's complaint suggest that Howard, Ball, Cook, and

4

McKinley: (1) arrived on the scene, (2) threatened to arrest Goard, and (3) ultimately caused Goard to turn over possession of the vehicle to Midnight Express. Compl. ¶¶ 47–57. Therefore, Goard's complaint states a "plausible claim" upon which relief can be granted unless qualified immunity protects the Defendants' actions. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

### b. Defendants' have failed to establish Qualified Immunity

Howard, Ball, Cook, and McKinley assert that qualified immunity shields them from liability for their actions. Dkt. 28 at 4. Qualified immunity protects "government officials performing discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To be entitled to qualified immunity, a defendant must show either that [1] his conduct did not violate the plaintiff's constitutional rights, or that even if there was a constitutional violation, [2] the right in question was not clearly established at the time that the defendant acted.[2] *Henry v. Purnell,* 652 F.3d 524, 531 (4th Cir.2011) (en banc); *Ridpath v. Bd. of Governors Marshall Univ.,* 447 F.3d 292, 306 (4th Cir.2006). "The burden of proof and persuasion with respect to a defense of qualified immunity rests on the official asserting that defense." *Meyers v. Baltimore Cty.,* 713 F.3d 723, 731 (4th Cir.2013).

The right to due process prior to the seizure of one's property is subject to Fourth and Fourteenth Amendment scrutiny. *See Fuentes v. Shevin,* 407 U.S. 67, 92 (1972) (holding that Florida and Pennsylvania prejudgment replevin statutes unconstitutionally deprived persons of

---

[2] The Supreme Court has held that this two-prong inquiry is no longer mandatory and can be done in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). However, the two-prong inquiry is "beneficial" in this factual scenario and therefore, I will follow it. *Id.*

5

property without due process of law because they denied the right to be heard before taking the property away); *Soldal v. Cook Cnty.,* 506 U.S. 56, 61 (1992) (providing Fourth and Fourteenth Amendment protection to the removal of a mobile home by police officers). Courts have also routinely denied qualified immunity in officer-assisted repossession. *See Marcus v. McCollum*, 394 F.3d 813, 816–17 (10th Cir. 2004) (finding factual allegations to survive summary judgment where police threatened property owner with jail); *Abbott*, 164 F.3d at 141 (discussed above); *Hensley v. Gassman*, 693 F.3d 681 (6th Cir. 2012) (reversing grant of qualified immunity because self-help repossession became unlawful after breach of the peace); *Brees v. Courtesy Ford, Inc.,* 45 F. App'x 711 (9th Cir. 2002) (no qualified immunity for police who assisted in unlawful repossession); *Harris v. City of Roseburg*, 664 F.2d 1121, 1127 (9th Cir. 1981) (denying summary judgment were the "officer assist[ed] in effectuating a repossession over the objection of a debtor or so intimidate[d] a debtor as to cause him to refrain from exercising his legal right to resist a repossession"); *see also Morozov*, No. MJG-10-1515, 2012 WL 2048296, at *4–5 (D. Md. June 5, 2012) (discussed above); *Woynar v. City of Daytona Beach*, No. 6:10-cv-1458, 2012 WL 1110064, at *5–11 (M.D. Fla. Apr. 3, 2012) (denying qualified immunity because active participation in self-help repossession can be an unreasonable seizure); *Steibel v. Vill. of Prairie Du Rocher*, No. 07-0197, 2007 WL 2819292, at *3–4 (S.D. Ill. Sept. 26, 2007) (holding no qualified immunity for police who ordered individual to turn over keys). Therefore, as discussed above, Goard's complaint contains sufficient allegations of constitutional violations to satisfy the first prong of the qualified immunity inquiry. Compl. ¶¶ 47–57.

As for the second prong, Howard, Cook, Ball, and McKinley's actions must have "violat[ed] [] a clearly established right of which a reasonable person would have known."

6

*Occupy Columbia v. Haley*, 738 F.3d 107, 118 (4th Cir. 2013). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle,* 132 S.Ct. at 2093 (quotations and alteration omitted); *see al-Kidd,* 131 S.Ct. at 2083; *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Cloaninger ex rel. Estate of Cloaninger v. McDevitt,* 555 F.3d 324, 331 (4th Cir.2009). "The law is clearly established such that an [official's] conduct transgresses a bright line when the law has been authoritatively decided by the Supreme Court, the appropriate United States Court of Appeals, or the highest court of the State." *Wilson,* 141 F.3d at 114; *cf. Reichle,* 132 S.Ct. at 2094 (assuming without deciding that controlling federal court of appeals authority could be a dispositive source of clearly established law within a given circuit); *Hope v. Pelzer,* 536 U.S. 730, 741–42, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (concluding that binding circuit precedent, a state agency regulation, and a Justice Department report combined to create clearly established law).

"It is true that the Fourth Circuit has not, itself, specifically considered whether a reasonable officer could have believed that active involvement in a private vehicle repossession would be lawful." *Moronzov*, 2012 WL 2048296, at *5. However, "reasonable police officers should know from the established precedent in *Fuentes* that their role is not to be participants in property deprivations without notice and an opportunity to be heard." *Abbott*, 164 F.3d at 149. Furthermore, the Supreme Court's *Soldal* opinion, discussed above, also provides sufficient precedent that a police officer cannot actively participate in self-help repossession. *Soldal*, 506 U.S. at 61; *see also* Brian S. Batterton, *Self-Help Repossession Versus the Fourth Amendment*, Legal & Liability Risk Management Institute (Dec. 2012) (discussing how to follow the law in

7

self-help repossession cases after *Soldal*).[3] In addition to the United States Supreme Court precedent, the Virginia Code also clearly states that self-help repossession can only proceed "without judicial process, if it proceeds without breach of the peace." Va Code § 8.9A-609; *Universal Credit Co. v. Taylor,* 164 Va. 624, 630–31 (1935) ("The right to possession of chattels may be exercised without recourse to the courts, provided this can be done peaceably. It is only when a right of one is denied or resisted by another, that such party must resort to appropriate legal proceedings to enforce that right."); *see also Hensley v. Gassman*, 693 F.3d 681 (6th Cir. 2012) (reversing grant of qualified immunity because self-help repossession became unlawful after breach of the peace).

The combination of case law from the United States Supreme Court in *Soldal* and *Fuentes* and the Virginia Code (supplemented through *Universal Credit Co.*) provide sufficient basis to find this violation "clearly established." Therefore, the second prong is satisfied because "the overarching lesson of the case law is that officers may act to diffuse a volatile situation, but may not aid the repossessor in such a way that the repossession would not have occurred but for their assistance."*Marcus v. McCollum,* 394 F.3d 813, 818–19 (10th Cir. 2004); *see also Universal Credit Co.,* 164 Va. at 630–31.[4] Because I do not have specific evidence or testimony concerning these Defendants (or the Lynchburg Police Department), I can only generalize that

---

[3] This proves that even looking at this prong through an objective—reasonable person in the officer's position—test that the Supreme Court precedent was readily available to a reasonable police officers. *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992); *Harlow*, 457 U.S. at 815 (discussing that the reasonable person standard looks at the information reasonably available to him).

[4] Even if the foregoing authorities were insufficient, the Fourth Circuit has "repeatedly" held that:
> it is not required that a right violated already have been recognized by a court in a specific context before such right may be held 'clearly established' for purposes of qualified immunity. Thus, the absence of a judicial decision holding [that due process is violated] under similar circumstances does not prevent a court from denying a qualified immunity defense. As the Supreme Court has emphasized, officials can still be on notice that their conduct violates established law even in novel factual circumstances.

*Meyers v. Baltimore Cty., Md.*, 713 F.3d 723, 734 (4th Cir. 2013) (internal citations and quotations omitted); *e.g., Tobey v. Jones*, 706 F.3d 379, 392-93 & n.6 (4th Cir. 2013).

8

these Supreme Court decisions were readily available to a reasonable police officers. *See Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992); *see also Jenkins v. Medford,* 119 F.3d 1156, 1159 (4th Cir. 1997) (noting that a "district court's refusal to consider the [qualified immunity] question subjected [the Defendant] to further pretrial procedures, and [] effectively denied him qualified immunity"). Therefore, I cannot find, as a matter of law, that the Defendants are entitled to qualified immunity. *Moronzov*, 2012 WL 2048296, at *5 (denying qualified immunity at the motion to dismiss stage).

## IV. Conclusion

As described above, Defendants' motion will be denied. Goard's complaint states a claim upon which relief can be granted under 42 U.S.C. § 1983. In addition, the Defendants have failed to meet their burden for the defense of qualified immunity. *Meyers v. Baltimore Cty.,* 713 F.3d 723, 731 (4th Cir.2013).

Entered this  21st  day of March, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE